The document below is hereby signed.

Signed: August 25, 2020



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THE BENNINGTON CORPORATION, | ) | Case No. 20-00321 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND
ORDER REQUIRING PROPER SERVICE OF DISTRICT OF COLUMBIA'S MOTION
TO CONTINUE RETENTION AND FUNDING OF STATE COURT ORDERED RECEIVER

The *District of Columbia's Motion to Continue Retention and Funding of State Court Ordered Receiver Pursuant to Superior Court Orders* (Dkt. No. 16) commenced a contested matter under Fed. R. Bankr. P. 9014.  Under Rule 9014(b) the District of Columbia was required to make service of the *Motion* in the manner provided for service of a complaint under Fed. R. Bankr. P. 7004. The District of Columbia did not make service of the *Motion* in a manner complying with Rule 7004.

Rule 7004(g) requires service not only on the debtor but also on the debtor's counsel, but permits such service on the debtor's counsel to be made in a manner authorized by Fed. R. Civ. P. 5(b).  The *Notice of Electronic Filing* generated upon the

filing of the *Motion* reflects that the *Motion* was served on the debtor's counsel electronically, which complied with Fed. R. Bankr. P. 7004(g) and Fed. R. Civ. P. 5(b)(2)(E).[1]

However, service on the debtor's attorney alone does not satisfy the requirement of service on the debtor under Rule 7004. The *Motion* does not include a certificate of service, and thus there is no indication that the *Motion* was served on the debtor in a manner authorized by Rule 7004.  The accompanying notice (Dkt. No. 17) of the opportunity to oppose the *Motion* (a notice required by LBR 9013-1(b)(3) to accompany a motion) includes a certificate of service reflecting that the notice was "served electronically using the Court's ECF [Electronic Case Filing] System" and does not reflect service of the notice on the debtor in a manner complying with Rule 7004.

Even if the debtor had consented to receipt of papers electronically (which it had not), and had received the *Motion* electronically, Fed. R. Bankr. P. 9036 makes clear that its authorization of electronic service "does not apply to any . . . paper required to be served in accordance with Rule 7004."  Rule 7004 does not authorize electronic service on the debtor. Accordingly, the District of Columbia must make proper service on

---

[1] In addition, electronic transmission to the United States Trustee satisfied the requirement of transmission to the United States Trustee under Fed. R. Bankr. P. 9034(k) and LBR 9013-1(c)(2)(C).

2

the debtor of the *Motion* accompanied by a revised notice of the opportunity to oppose the *Motion*.[2]  The debtor's counsel has undoubtedly advised the debtor regarding the pendency of the *Motion*.  In that circumstance, I will shorten the debtor's time to oppose the *Motion* to five days after the date of filing of the revised notice of the opportunity to oppose the *Motion*.  It is thus

ORDERED that the District of Columbia shall make proper service on the debtor of the *District of Columbia's Motion to Continue Retention and Funding of State Court Ordered Receiver Pursuant to Superior Court Orders* (Dkt. No. 16) and a revised notice of the opportunity to oppose the *Motion* by making service on the debtor under Fed. R. Bankr. P. 7004(b)(9) (or in some other manner authorized by Fed. R. Bankr. P. 7004).  It is further

ORDERED that the revised notice of the opportunity for the debtor to oppose the *Motion* may give notice that any opposition to the *Motion* must be filed by the date that is five days after the date of the filing of the revised notice.

[Signed and dated above.]

Copies to: E-recipients; Debtor.

---

[2] The prior notice of the opportunity to oppose the *Motion* gave notice of a deadline of August 18, 2020 (a date now passed) to oppose the *Motion*.